PEOPLE ex rel. SHORT v. WARDEN OF CITY PRISON.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

THREATS (§ 1*)—OFFENSES—"EXTORTION"—"PROPERTY."

Penal Law (Consol. Laws, 1909, c. 40) § 850, defines "extortion" as the obtaining of property from another with his consent, induced by a wrongful use of force or fear, etc., and section 851 provides that threats to do an unlawful injury to person or property may constitute extortion. *Held,* that one who procured for another, without consideration, a position as a painter, and afterward threatened to have him discharged un-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

less he was paid a certain sum each week out of the painter's wages, was guilty of extortion; the word "property" in the statute including every species of valuable right, including the right to employment.

[Ed. Note.—For other cases, see Threats, Cent. Dig. §§ 1–6; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 3, pp. 2622–2624; vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

Appeal from Special Term, New York County.

Habeas corpus by the People, on relation of Michael Short, against the Warden of the City Prison. From an order sustaining a writ of habeas corpus, discharging relator from custody, the People appeal. Reversed, writ dismissed, and relator remanded.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGH-LIN, SCOTT, and DOWLING, JJ.

Robert S. Johnstone, for the People.
Benjamin Rich, for respondent.

McLAUGHLIN, J.  The relator was charged, before a city magistrate, in a verified written complaint, with the crime of extortion. The complaint alleged, in substance, that on July 8, 1910, the relator secured, without consideration, a position for the complainant as a painter with the George A. Fuller Company, building contractors; that after he had secured such position, and the complainant had entered upon his employment, the relator stated that he would have to give him 50 cents a day from his weekly salary, and, if he did not do so, he would have him discharged; that, by reason of such threat to discharge, the complainant paid to the relator, on the 18th of July, $2.75, and thereafter gave him a similar sum for six successive weeks, being each time threatened with discharge unless he made such payment; that on the 29th of August, 1910, the sum of $2.75 was again demanded, which the complainant refused to pay, and a few days later he was discharged. Upon this complaint a warrant was issued, the relator arrested, and subsequently committed for examination to the city prison on the charge of having committed the crime of extortion. He then obtained from the Supreme Court a writ of habeas corpus, directed to the warden of the city prison, who made a return setting forth the commitment as the cause of detention. The relator traversed the return, setting forth in substance that the magistrate was without jurisdiction to make the commitment for the reason that the facts set out in the complaint did not show the commission of any crime. The matter subsequently came on for a hearing before a Special Term of this court and resulted in an order sustaining the writ. The district attorney of the county of New York, in the name of the people of the state, appeals from the order.

The statute authorizes such an appeal. Section 2059, Code of Civil Procedure. The learned justice sitting at Special Term, as appears from his opinion, reached the conclusion that "employment" was not property, and for that reason the facts set out in the complaint, upon which the relator was arrested, did not constitute the crime of extortion. This conclusion was based upon the construction which he put

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon sections 850 and 851 of the Penal Law. Section 850 defines "extortion" as:

"The obtaining of property from another with his consent, induced by a wrongful use of force or fear or under color of official right."

And section 851 defines what threats may constitute extortion as follows:

"(1) To do an unlawful injury to the person or property of the individual threatened. * * *"

I am of the opinion that the construction which the learned justice put upon the word "property" as used in these sections is too narrow. The word, as here used, is intended to embrace every species of valuable right and interest and whatever tends in any degree, no matter how small, to deprive one of that right, or interest, deprives him of his property. There are numerous authorities holding that labor constitutes property. If labor constitutes property, then it seems to me to necessarily follow that the right to labor must also constitute property, and whatever deprives him of his right deprives him of property. State v. Cadigan, 73 Vt. 245, 50 Atl. 1079, 57 L. R. A. 666, 87 Am. St. Rep. 714; In re Parrott (C. C.) 1 Fed. 481; Gillespie v. People, 188 Ill. 176, 58 N. E. 1007, 52 L. R. A. 283, 80 Am. St. Rep. 176. If this conclusion be correct, then the relator, upon the facts set forth, was clearly guilty of the crime of extortion.

In principle I do not think the case can be distinguished from People v. Barondess, 133 N. Y. 649, 31 N. E. 240, [1] and People v. Weinseimer, 117 App. Div. 603, 102 N. Y. Supp. 579, affirmed 190 N. Y. 537, 83 N. E. 1129. In the Barondess Case the complainants were a firm of cloak manufacturers. Their employés, being dissatisfied with the wages received, quit work. They subsequently agreed to return, but were under no contract to do so, being employed merely by the day. They did not return at the time they said they would, and, upon the firm's inquiring of the defendant the reason therefor, he said they would not return until he had been paid $500. This sum he finally reduced to $100, which was paid, and then the employés went back to work. Defendant was convicted of the crime of extortion; the conviction was reversed by the late General Term, Daniels, J., dissenting; and on appeal to the Court of Appeals the order of the General Term was reversed and the judgment of conviction affirmed on the dissenting opinion.

In the Weinseimer Case the defendant was connected with a Plumbers' Union. The employés of a contractor on a building in the process of construction quit work, and the defendant told the contractor unless he were paid the sum of $3,000 the men would not return to work. The money was paid and the employés returned. It was held that the defendant was properly convicted of the crime of extortion.

Here, the complainant was a painter. Painting was as much his business as the manufacturer of cloaks was that of the complainant in the Barondess Case or the installation of plumbing in the Wein-

[1] Reported in full in the Northeastern Reporter; reported as a memorandum decision without opinion in New York Reports.

seimer Case. "Business" has been defined as "that which one does for a livelihood; occupation; employment." Century Dictionary. The complainant, at the time the threat was made, was conducting his business, which was painting for the Fuller Construction Company, for the wages paid therefor. The threat of the relator to have him discharged was a threat to injure his business because, if carried out, prevented his selling his labor to the Fuller Company, which would constitute an injury to his property. If, in his business of painting, he had employés working for him, and the defendant threatened to prevent such employés returning to work unless he was paid a sum of money, then the case would fall directly within the Barondess Case. How can it be said that a threat to have him discharged is any less an injury to property in this case than it would be in that? Where is the distinction that makes it extortion in the one case and not in the other? Obviously, as it seems to me, there is no distinction. In each case the threat interferes with one's business. The relator threatened to have the complainant discharged unless he paid him the amount of money demanded. The complainant parted with his money by reason of such threat. This made the relator guilty of extortion under the sections of the penal law before quoted.

The order appealed from, therefore, is reversed, the writ dismissed, and the prisoner remanded. All concur.