## STATE v. ROBERT W. KRAMER

1. THREATS—ANY INJURY TO PERSON OR PROPERTY WITHIN STATUTE.

Threats to do injury of any character to person or property, and not merely physical injury to person or to corporeal property, are within *Rev. Code* 1915, § 4804, denouncing the offense of making threats for purpose of extortion.

2. THREATS—IMMATERIAL ON INTENT THAT DEFENDANT WAS ENFORCING RULES OF LABOR UNION.

That defendant, prosecuted under *Rev. Code* 1915, § 4804, for making threats to injure property with intent to extort money, was at the time of the alleged threats enforcing as business representative the rules of a labor union to which he belonged, has no bearing on whether he made the threats, or on the question of intent.

3. THREATS—"THREAT" DEFINED.

A "threat," within *Rev. Code* 1915, § 4804, is a menace of such a nature as to unsettle the mind of a person on whom it is intended to operate, and to take away from his acts that free, voluntary action which alone constitutes consent.

4. THREATS—"EXTORTION", WITHIN THREAT STATUTE, DEFINED.

"Extortion" is the taking or obtaining of anything from another by illegal compulsion or oppressive exaction; and the words "to extort," in *Rev. Code* 1915 § 4804, as to threats for purpose of extortion, are used in their broadest meaning.

5. THREATS—LOSS OF PRESENT EMPLOYMENT "INJURY" WITHIN STATUTE.

Loss of present employment is "injury to property," within *Rev. Code* 1915, § 4804, as to threats.

(*May* 9, 1921)

RICE and HEISEL, J. J., sitting.

*Aaron Finger, Dep. Atty.-Gen.*, for State.

*Henry R. Isaacs* for accused.

Court of General Sessions for New Castle County, May Term, 1921.

INDICTMENT No. 26, January Term, 1921.

Robert W. Kramer was indicted for extortion. Defendant demurred to indictment. Demurrer overruled. On the trial, May 13, 1921, the jury disagreed.

The Statute (*Rev. Code* 1915, § 4804) under which the indictment was found, is as follows:

"Whoever, knowing the contents thereof, and with intent by means thereof to extort or wrongfully gain any money or other property, shall send or deliver, or in any manner cause to be sent or delivered, to any other person any letter or writing whatsoever threatening to accuse any person of a crime, or to do any injury to any person or any property, or to publish or connive at publishing any libel, or to make or cause to be made any slanderous statement, or to expose any deformity of person, or to impute to any person any disgraceful act or conduct, and whoever, with intent thereby to extort or wrongfully gain any money or other property, shall make or cause to be made to any other person any oral statement or communication, threatening as aforesaid, shall be deemed guilty of a misdemeanor, " etc.

The five counts of the indictment were, in substance, as follows:

1. * * * That Robert W. Kramer, late of, etc., on, etc., in, etc., with, etc., did then and there make a certain oral statement to one John A. Walsh threatening to do injury to the said John A. Walsh, with intent then and there and thereby to extort from the said John A. Walsh a sum of money, against, etc.

2. * * * That Robert W. Kramer, etc., did then and there make a certain oral statement to one John A. Walsh threatening to do injury to the said John A. Walsh, to wit, did make an oral statement to the said John A. Walsh, in substance and to the effect that if the said John A. Walsh did not pay a sum of money to the said Robert W. Kramer, he, the said John A. Walsh, would be deprived of the employment in which he, the said John A. Walsh, was then and there engaged, with intent then and there and thereby to extort from the said John A. Walsh a sum of money, against, etc.

3. * * * That Robert W. Kramer, etc., did then and there make a certain oral statement to one John A. Walsh, threatening to do injury to the said John A. Walsh, to wit, did make an oral statement to the said John A. Walsh, in substance and to the effect that if he, the said John A. Walsh, did not pay a sum of money to the said Robert W. Kramer, he, the said John A. Walsh, would be deprived of the employment in which he, the said John A. Walsh, was then and there engaged, with intent then and there and thereby to wrongfully gain from the said John A. Walsh a sum of money, against, etc.

4. * * * That Robert W. Kramer, etc., did then and there make a certain oral statement to one John A. Walsh, threatening to do injury to the property of the said John A. Walsh, to wit, did make an oral statement to the said John A. Walsh, in substance and to the effect that if the said John A. Walsh did not pay a sum of money to the said Robert W. Kramer, he, the said John A. Walsh, would be deprived of the employment in which he, the said John A. Walsh, was then and there engaged, with intent then and there and thereby to extort from the said John A. Walsh a sum of money, against, etc.

5. * * * That Robert W. Kramer, etc., did then and there make a certain oral statement to one John A. Walsh, threatening to do injury to the property of the said John A. Walsh, to wit, did make an oral statement to the said John A. Walsh, in substance and to the effect that if he, the said John A. Walsh, did not pay a sum of money to the said Robert W. Kramer, he, the said John A. Walsh, would be deprived of the employment in which he, the said John A. Walsh, was then and there engaged, with intent then and there and thereby to wrongfully gain from the said John A. Walsh a sum of money, against, etc.

To the indictment counsel for accused set forth the following causes of demurrer.

That the statute (*Rev. Code* 1915, § 4804) under which the indictment was framed and found, was (1) clearly intended to prohibit threats to do injury to the person of an individual, that is to say, physical injury, but the said indictment charges only such injury as might result from the deprivation of the employment in which the said John A. Walsh was, at the time alleged in the indictment, engaged; that the statute was (2) clearly intended to prohibit threats to do injury to property itself as such, that is, physical injury to corporeal property, but the said indictment charges a violation of that portion of the statute prohibiting threats "to do injury to any property," in that, as alleged, the accused made an oral statement to the said John A. Walsh to the effect that if the said Walsh did not pay a sum of money to accused, he, the said Walsh, would be deprived of the employment in which he, at the time alleged in the indictment, was then and there engaged.

Against the causes of demurrer the state cited *People ex rel. Short v. Warden of City Prison*, 145 *App. Div.* 861, 130 *N. Y. Supp.* 698.

RICE, J. [1] The court are of the opinion that *Rev. Code* 1915, § 4804, is not restricted in its meaning as argued by counsel for the defendant in support of the demurrer. The section in terms is most comprehensive, and from the language used, it clearly appears that threats to do injury of any character to person or property are brought within its scope. The section is to be construed as if it read:

"Whoever shall make or cause to be made to any other person any oral statement or communication, threatening to do any injury to any person or any property, with intent thereby to extort or wrongfully gain any money or other property, shall be deemed guilty of a misdemeanor."

The demurrer is overruled.

The accused was brought to trial at the same term of court; and the state introduced evidence to show that about September 15, 1920, W. was employed as a plumber's helper during the erection of the Industrial Trust Company Building in Wilmington; that shortly after he began work on the building the accused approached him and told him that he could continue to work on the building only under the condition that he should pay to the accused a dollar a week for every week he was working; that W. then paid to the accused $2.50 for 2½ weeks, whereupon the accused

gave him a card with "Permit" written upon it; that W. paid no
more money; that, six or seven weeks later, the accused again
came to him and asked him about his permits, he replying that he
did not have any; that the accused said to him, "You want to get
something," W. inquiring why, to which the accused remarked,
"Well, you will have to get off the job;" that on the same even-
ing W. was discharged from his said employment.

The accused testified that he was the business representative
of the local union of the United Association of Plumbers and Steam-
fitters, and was then asked, "What were the duties of the business
representative of that union?" which question was objected to, as
immaterial.

Counsel for the accused contended that, where the question
of intent is involved, all the surrounding circumstances from which
the intent may be inferred are admissible; that if the jury should
believe that the accused, in enforcing the rules of his organization
in which he, in good faith, believed, made the alleged statement
to W., their verdict should be one of acquittal, but, if they should
believe that the accused, for the purpose of his own enrichment,
made the alleged statement, they should convict.

In reply, the state contended that it is not necessary to prove
a specific intent, but only the intent to do the thing which was
done. *Brown v. State*, 7 *Pennewill*, 164, 74 *Atl.* 836, 25 *L. R. A.*
(*N. S.*) 661.

RICE, J. [2] The substance of the offense charged against the
accused is that he, with intent to extort or wrongfully gain any
money or other property, made, or caused to be made, to another
person (named) an oral statement threatening to do injury to that
person, or to his property, and therefore the question for the jury
to determine is whether the accused did make the alleged threaten-
ing statement with the intent as alleged in the indictment; and
the fact that the defendant at the time was enforcing the rules of
an organization to which he belonged has no bearing on the al-
leged threat, or the intent with which it was made. The objection
is sustained.

The accused then made denial of the statement alleged to

have been made by him to the prosecuting witness, and testified that, on the occasion such statement was imputed to have been made, he asked W. if he wished to pay for a permit to which W. replied that he did not intend to pay any more money; that the accused then said, "All right, sir; it is up to me, then;" that the accused had no other conversation with the prosecuting witness on said occasion.

## State's Prayer.

That the court charge the jury that an injury to a man's right of employment is an injury to his property. 145 *App. Div* 861, 130 *N. Y. Supp.* 698.

## Defendant's Prayers.

1. That the jury render a verdict of not guilty.

2. That defendant must be acquitted unless there is proven to the satisfaction of the jury beyond a reasonable doubt the following:

(a) That the defendant made to the prosecuting witness, Walsh, an oral statement in substance and to the effect that if the said Walsh did not pay a sum of money to the said defendant that he the said Walsh would be deprived of the employment in which he was then and there engaged.

(b) That such statement was in the nature of a threat to do injury to the said Walsh or to his property.

(c) And that such statement was made by the said defendant with the specific intent thereby to extort or wrongfully gain money for himself.

3. If the evidence shows, or is consistent with the fact, that defendant made no such alleged statement prior to Walsh's refusal to pay, and that after Walsh's refusal to pay the said amount the sole effect of any statement then made by the defendant was to inform Walsh as to what Walsh already knew, namely, his consequent incapacity to work longer with union labor on the particular building operation where he was then engaged, there would be no threat to extort or wrongfully gain money within the meaning of the statute, and your verdict should be one of acquittal.

Opinion.

4. A "threat" is defined to be a menace of such a nature as to unsettle the mind of a person on whom it is intended to operate and to take away from his acts that free voluntary action which alone constitute consent. *State v. Louanis*, 79 *Vt.* 463, 468, 65 *Atl.* 532, 9 *Ann. Cas.* 194; *Words and Phrases, 2d Series, vol.* 4, *p.* 911.

5. "Extortion" in its ordinary meaning is the taking or obtaining of anything from another by means of illegal compulsion or oppressive exaction. *Amer. & Eng. Ency. of Law* (2d Ed.), 576.

6. Unless the jury is satisfied beyond a reasonable doubt that the statement made by the defendant to the witness Walsh, was such as to take from him the free voluntary action which alone constitutes consent, and thereby to exact from him by oppression or compulsion, the payment of the said amount, your verdict should be one of acquittal..

7. A verbal statement, such as is attributed to the defendant in the indictment, if made with no purpose to unsettle the mind of Walsh, but for some other purpose, as for instance, to apprise him merely of the results of his failure to pay the fixed charge for the permit, would not fix the defendant with any criminal liability under the statute. Even if such statement was equivocal, the presumption would be in favor of the legitimacy of the defendant's intent. *State v. Cutter*, 36 *N. J. Law*, 125.

8. The words "to do any injury to any person or any property," as used in the statute under which this indictment was brought, mean injury to a person physically or to physical property.

In opposition to the defendant's fifth prayer, the state cited 3 *Words and Phrases*, 2622; 2 *Words and Phrases* (2d Series), 417; *March v. Bricklayers' Union*, 79 *Conn.* 7, 63 *Atl.* 291, 4 *L. R. A.* (*N. S.*) 1201, 118 *Am. St. Rep.* 127, 6 *Ann. Cas.* 848.

RICE, J., charged the jury in part:

The indictment in this case consists of five counts.

The first count, in substance, alleges that Robert W. Kramer did make a certain oral statement to one John A. Walsh threaten-

ing to do injury to the said John A. Walsh, with intent then and there and thereby to extort from the said John A. Walsh a sum of money, etc.

In the second count it is alleged that Robert W. Kramer did make a certain oral statement to one John A. Walsh threatening to do injury to the said John A. Walsh, to wit, did make an oral statement to the said John A. Walsh , in substance and to the effect that if the said John A. Walsh did not pay a sum of money to the said Robert W. Kramer, he, the said John A. Walsh, would be deprived of the employment in which he, the said John A. Walsh, was then and there engaged, with intent then and there and thereby to extort from the said John A. Walsh a sum of money, etc.

The third count is similar to the second with the exception that it is alleged that the oral statement was made with the intent to wrongfully gain from the said John A. Walsh a sum of money.

The fourth and fifth counts are similar to the second and third counts, respectively, with the exception that in the fourth and fifth counts it is alleged that the said Robert W. Kramer did make a certain oral statement to one John A. Walsh threatening to do injury to the property of the said John A. Walsh.

The indictment is based upon the provisions of *section* 4804 of the *Rev. Code* of 1915, and this section, in part, and in substance, in so far as we deem it material to this case, provides that—

"Whoever with intent to extort or wrongfully gain any money or other property, shall make or cause to be made to any other person any oral statement or communication threatening to do any injury to any person or any property, shall be deemed guilty of a misdemeanor."

It is with a violation of the provisions of the section mentioned that the accused is charged.

In the statute and in the indictment there are three essential elements of the offense with which the defendant is charged. It is necessary in order to secure a conviction for the state to prove beyond a reasonable doubt that the defendant made to the prosecuting witness Walsh an oral statement in substance and to the effect, as alleged in the indictment, that if the said Walsh did not

pay a sum of money to the said defendant that he the said Walsh would be deprived of the employment in which he was then and there engaged; that such statement was in the nature of a threat to do injury to the said Walsh or to his property; and that such statement was made by the said defendant with the intent thereby to extort or wrongfully gain money.

[3] A threat is defined to be a menace of such a nature as to unsettle the mind of a person on whom it is intended to operate, and to take away from his acts that free voluntary action which alone constitutes consent.

[4] Extortion in its ordinary meaning is the taking or obtaining of anything from another by means of illegal compulsion or oppressive exaction.

In addition to the above definition of extortion, we will say that the words "to extort" are used in the statute in their broadest meaning.

The state has introduced evidence to show that the accused on the 27th day of October, 1920, made an oral statement to the prosecuting witness, Walsh, threatening to do injury. to Walsh or his property, with the intent to extort or wrongfully gain money.

The accused denies that he made the statement as alleged to the prosecuting witness or any other statement of a threatening nature, or that he made any statement to the prosecuting witness with the intent on his, Kramer's, part to extort or wrongfully gain money.

As we have stated, in order to secure a conviction it is necessary for the state to prove and for you to find that the accused made to Walsh, the prosecuting witness, the oral statement in substance as alleged in the indictment, as a threat to do injury to the prosecuting witness or his property, and that such threatening statement was made to Walsh by the accused, with the intent to extort or wrongfully gain money, as alleged in the indictment.

[5] A statement made by one person to another unlawfully threatening such other with the loss of present employment, would constitute a threat to do injury to the property of such other per-

son, within the intent and meaning of the words of the statute; "threatening to do any injury to any person or any property."

If you find from the evidence that the accused did not make the oral statement in substance as alleged in the indictment, or that such statement, if made, was not made as a threat to do any injury to the prosecuting witness or his property, or that if made, it was not made with the intent to extort or wrongfully gain money, then your verdict should be not guilty, otherwise your verdict should be guilty.

You are to determine this case from the evidence you have heard from the witness stand, taking that evidence in connection with the law as the court has stated it to your.

The jury disagreed.