STATE OF TENNESSEE *v.* W. M. SMITH *et al.*

(*Knoxville,* September Term, 1954.)

Opinion filed November 16, 1954.

HERBERT G. B. KING, of Chattanooga, for defendants.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

This appeal is by the State from the action of the trial judge in sustaining a demurrer to an indictment charging conspiracy. The indictment is bottomed on Code Section 11064, which reads as follows:

"The crime of conspiracy may be committed by any two or more persons conspiring: (1) To commit any indictable offense; (2) falsely and maliciously to indict another for such offense; (3) to procure another to be charged with, or arrested for, any such offense; (4) falsely to move or maintain any suit; (5) to cheat and defraud any person of any property by means in themselves criminal, or by any means which would amount to a cheat; (6) to obtain money by false pretenses; (7) to commit any act injurious to public health, public morals, trade, or commerce, or for the perversion or obstruction of justice, or the due administration of the law."

The indictment is in eight counts and charges a number of defendants with conspiring to violate the laws of Tennessee as hereinafter set forth.

The first count charges a conspiracy to violate the extortion statute, Code Section 10806, and further charges that in furtherance of said conspiracy certain of the de-

fendants, naming them, on dates which are set forth, did unlawfully, feloniously and maliciously verbally threaten certain named parties with intent thereby to extort from them their pecuniary advantage of their right to work.

The second count charges a conspiracy to commit acts injurious to the public health, etc., as is set forth in Subsection 7 of Code Section 11064, above quoted. In furtherance of this conspiracy this count of the indictment avers that certain of the defendants did on certain dates throw rocks and missiles, etc., against and through property of named individuals or corporations and thereby destroyed the property. It is further averred that in furtherance of the conspiracy certain of these defendants did beat, wound and abuse certain named people. It is also alleged in this count that in furtherance of the conspiracy certain of the defendants did commit the offense of malicious mischief against the property of another named individual by throwing rocks and missiles, etc., through the windows, destroying the property.

The third count charges a conspiracy to commit the offense of malicious mischief against the property of Stewart Manufacturing Company and it is averred that certain of these defendants, naming them, did unlawfully throw missiles against and through the windows of this company, thereby destroying the property.

The fourth, fifth, sixth and seventh counts of the indictment charge conspiracy to commit the offense of assault and battery against named individuals and avers that in the furtherance of said conspiracies certain of the defendants did commit such offenses.

The eighth and last count charges a conspiracy to commit the offense of malicious mischief against the property of M. E. Dement, Jr., and avers that in furtherance of the conspiracy the defendants did unlawfully throw mis-

siles through the windows of said property and thereby destroyed the property.

By the first ground of the demurrer it is contended that the indictment fails to aver the objective of the conspiracies and further that the indictment is constitutionally defective because it does not give the nature and cause of the accusation against the defendants definitely or vividly enough. By the second ground of the demurrer the complaint is made that the first ground of the indictment does not charge an offense against the extortion statute and that the count does not set out the words used by the defendants when imparting the alleged threat, the nature of the threat, or the benefit the defendants expected to gain by reason of the threat.

As said in the outset the trial court sustained this demurrer and dismissed the indictment from which the State has appealed. We have investigated all authorities cited in the briefs and others with a great deal of interest. It is our view that the indictment is not demurrable but is a good indictment. This conclusion has only been reached after considerable investigation and much study and thought.

This Court speaking through the late Mr. Justice McKinney in *Solomon* v. *State,* 168 Tenn. 180, 76 S. W. (2d) 331, 334, discussed at much length and quoted from various authorities on the question of criminal conspiracy. It is there well said among other things that a conspiracy " 'is a combination between two or more persons to do a criminal or an unlawful act or a lawful act by criminal or unlawful means.' "

Under the first ground of the indictment the defendants say that the indictment does not charge them as entering into the various conspiracies with any objective. After reading the indictment (and considerable study)

we have concluded that the indictment in specific terms avers the objective of each and every conspiracy charged. The objective of the conspiracy in the first count is to commit the crime of extortion in violation of Code Section 10806, which Section is copied in the indictment. The objective of the conspiracy charged in the second count is to violate Subsection (7) of Code Section 11064, (above quoted) which Subsection is likewise copied in the indictment. The objective of the conspiracy charged in the third count is to commit the offense of malicious mischief. This offense is defined by Code Section 10831. The objectives of the conspiracies charged in the fourth through the seventh counts are the common law offenses of assault and battery against named individuals. The objective of the conspiracy charged in the eighth count is the offense of malicious mischief as was likewise charged in the third count.

"The unlawful combination is the essence of criminal conspiracy, and the offense ordinarily is complete when the combination is formed." 15 C.J.S., Conspiracy, Section 36, p. 1059.

This being true it necessarily follows that unless a State statute so provides no overt act need be done in furtherance of the conspiracy, and "that the object of the combination need not be accomplished, in order to constitute an indictable offense". There are numerous citations of cases from many States cited following this quotation in the text of C.J.S. We have examined many of these and feel that they are sound. It seems to us that the objectives of the various conspiracies are very clearly and definitely set forth in the various counts of this indictment. The named individuals who are committing the various conspiracies set out the time at which they were committed and those against whom these conspiracies are

being committed is definitely set forth in this indictment. In *Williamson* v. *United States*, 207 U. S. 425, page 447, 28 S. Ct. 163, at page 171, 52 L.Ed. 278, the Supreme Court of the United States said:

"But in a charge of conspiracy the conspiracy is the gist of the crime, and certainty, to a common intent sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy."

See also *Solomon* v. *State,* supra, where this Court definitely approved the statement that " 'a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy.' "

It seems to us that from the foregoing it is easily seen that the object of any conspiracy is the crime which the defendants conspire to commit. We are not looking for the personal motives and expectations of the conspirators as these are in no wise material to the prosecution and as all of us know such things are generally secret. This being true it would be a practical impossibility for a Grand Jury to state in an indictment what each defendant expected to gain as the fruits of his unlawful conduct. It seems to us that the objectives of these conspiracies are stated with far more clarity and precision than the authorities require. An excellent statement of what is required in such an indictment is shown by a quotation from the State's brief as taken from *Garland* v. *State,* 112 Md. 83, 86, 87, 75 A. 631, 633, 21 Ann. Cas. 28 as follows:

"When the agreement is to commit an offense known to the common law, or created by statute, it is not necessary, in stating the object of the conspiracy, to set out the offense with the accuracy or detail required in an indictment for the offense.

The reason for the rule is that the crime of conspiracy does not consist in the accomplishment of the unlawful object, or in doing the acts by means of which the desired end is to be attained, but the essence of the offense is, as we have stated, the unlawful combination and agreement for any purpose that is unlawful or criminal.''

The statement of facts in the indictment is clear and sufficient. This is a statement of facts and not a conclusion. The statement gives dates and names and means by which these conspirators intended to carry out their violation of the law. It sufficiently states the nature and cause of the accusation because these defendants are informed of the offense they are called upon to answer; it puts on record a definite offense to which the Court may apply the judgment and punishment which the law prescribes; and it protects the defendants against a future prosecution for the same offense. One hundred and thirty years ago this Court speaking through Judge Whyte, *State* v. *Pearce,* 7 Tenn. 66, said in reference to what is necessary in an indictment that:

''The description of the offense charged in an indictment ought to be competent to three purposes: first, competent to the information of the defendant, that he may know what offense he is called upon to answer; second, competent to the information of the Court, that it may see a definite offense on record to apply the judgment, and the punishment which the law prescribes; third, competent to the protection of the defendant against a future prosecution for the same offense.''

This very simple requirement has been the law since that time and is clearly a fair requirement to all concerned.

■ The second ground of the demurrer complains of the statement of the offense in the first count of the indictment. This count of the indictment is based upon certain alleged acts in violation of Code Section 10806, which Code Section is carried in the count of the indictment. The particular charges which are complained of are based upon charges therein that certain named defendants conspired to take away the pecuniary advantage of the right to work of certain named people. This is based upon language of the Code Section therein quoted "or pecuniary advantage whatever, or to compel the person so threatened to do any act against his will, * * *." It is the insistence of the defendants that the indictment is predicated upon the alleged threat by certain named defendants to extort from certain persons their pecuniary advantage of the right to work and that this does not state a criminal case under the statute. Upon studying this statute and the indictment it is seen that the specific conduct referred to in this portion of the demurrer is not charged as the object of the conspiracy but is simply charged as an overt act committed in furtherance of the conspiracy. As we pointed out above an overt act is not necessary under the law charging a criminal conspiracy. It is argued by the State that the charge of the overt acts in the first count does amount to a substantial charge of a violation of the extortion act. We think that this is true and that the charge of these overt acts is merely a charge which when offered in evidence is used to prove the conspiracy. This portion of the indictment has given us more concern than the others because it might be said that the right to work is not a pecuniary advantage. However this Court has held that labor is property. *Harbison* v. *Knoxville Iron Co.,* 103 Tenn. 421, 430, 53 S. W. 955, 56 L. R. A. 316. The Supreme Court of In-

diana in *McNamara* v. *State,* 203 Ind. 596, 181 N. E. 512, in the majority opinion under an indictment drawn under a blackmail statute similar to the language in Code Section 10806 above referred to held that the indictment should be quashed because the exact nature of the pecuniary advantage extorted that the language there did not jibe with or did not conform to the immediate words preceding such a language in the Statute and therefore under the doctrine of ejusdem generis the party there could not be indicted under said language.

It seems to us that employment and labor and the right to labor constitute property within the meaning of this Statute, and whatever deprives one of his right to labor deprives him of his property. See *People ex rel. Short* v. *Warden,* 145 App. Div. 861, 130 N. Y. S. 698-700. The loss of employment is an injury to a person's property. *State* v. *Kramer,* 1 W. W. Harr. 454, 31 Del. 454, 115 A. 8. Thus it would seem that the deprivation of such property is a pecuniary advantage within the terms of the Statute alleged to be violated.

For the reasons stated the judgment of the trial court must be reversed and the case remanded for such proceeding as necessarily follows on a remand of the kind.