STATE of Tennessee, Appellee,

v.

Michael Allen CARTER, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 11, 1984.

Permission to Appeal Denied by Supreme Court Nov. 13, 1984.

David H. King, King & Williams, Franklin, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, Larry D. Drolsum, Asst. Dist. Atty., Franklin, for appellee.

## OPINION

TATUM, Judge.

The defendant, Michael Allen Carter, was convicted of aggravated assault and sentenced to a term of not less than 2 years nor more than 2 years in the State penitentiary. He says that the trial court erred in failing to grant his motion for a judgment of acquittal at the close of the State's proof and that the verdict of the jury is not supported by the evidence. We find no reversible error and affirm the judgment of conviction.

The State's proof established that on the night of May 17, 1981, the victim went to Rose's Pizza Place in Fairview, where the defendant and his girlfriend were employed. After the victim danced with the defendant's girlfriend, the defendant invited the victim outside to talk with him. The victim accepted, not realizing that the defendant felt anger or animosity toward him. The victim testified that he was in front of the defendant when he went out the door. The victim said that as soon as he got out the door, the defendant struck him from behind and that he remembered nothing else until he awoke in the hospital. He did not see the object with which he was struck, but, from the severity of his wounds, concluded that it was a blackjack or a similar instrument.

Other State's witnesses saw the defendant's uncle and several other men struggling to take the blackjack away from the defendant within a minute after the victim and the defendant went out the door. After the blackjack was taken from the defendant, the victim was brought inside the pizza place with four teeth missing. Blood was coming from his mouth and ears.

The defendant moved for judgment of acquittal at the conclusion of the State's proof, which was overruled by the trial judge. The defendant then testified and introduced other evidence. The defendant testified that he did, in fact, strike the first blow with the blackjack as soon as the parties exited the door, although he was facing the victim at the time. He testified that he obtained the blackjack from his uncle immediately before he and the victim went outside. He obtained the blackjack for the purpose of whipping the victim.

The first issue is that the trial court erred in failing to grant the motion for a judgment of acquittal at the close of the State's proof. The motion made at the conclusion of the State's proof was waived when the defendant testified and introduced other evidence after the motion was overruled. *Mathis v. State*, 590 S.W.2d 449 (Tenn.1979). The motion was renewed at the conclusion of the introduction of all of the proof and was again overruled. We, therefore, consider all of the evidence, including the defendant's testimony that he did indeed strike the victim with a blackjack.

The defendant says that he was convicted of an offense for which he was not indicted. The indictment charges the following:

"(t)hat MICHAEL ALLEN CARTER heretofore, to wit, on the 17th day of May, 1981 before the finding of this indictment, in the county aforesaid, unlawfully and feloniously did assault another, KENNETH W. BRAZZELL, while displaying a deadly weapon contrary to Tennessee Code Annotated § 39–601 and against the peace and dignity of the State of Tennessee."

In his brief, the defendant quotes T.C.A. § 39–601 as it appeared before the enactment of Chapter 142, Public Acts of 1977. This Act deleted the old language and substituted a new statute. The current law has been recodified as T.C.A. § 39–2–101. Subsection (b)(3) of Section 39–2–101 provides that any person is guilty of an aggravated assault who "Assaults another while displaying a deadly weapon...." This is the offense for which the defendant was indicted and convicted. The jury foreman reported that the jury found the defendant

"guilty of aggravated assault, with a deadly weapon." The trial judge questioned the foreman and ascertained that it was the intent of the jury to find the defendant guilty "as charged." The trial judge sentenced the defendant for "aggravated assault as charged in the indictment."

■ The overwhelming and undisputed evidence established that the defendant struck the victim in the head with the blackjack. This evidence supports the jury's finding that the defendant displayed the blackjack when he struck the victim with it. The word "display" is defined by the Random House College Dictionary, Revised Edition, as meaning "to show; exhibit; make visible..." The defendant's open and visible use of the blackjack was a display of the weapon, regardless of whether the victim or any of the witnesses saw it. The weapon was there to be seen had anyone happened to look in that direction.

Contrary to the defendant's insistence, we hold that the defendant was not found guilty of an offense with which he was not charged. We find that the evidence and the jury verdict conformed to the charge in the indictment.

The minute entry on the final judgment erroneously stated that the jury found the defendant "guilty of aggravated assault while in possession of deadly weapon...." The finding of the jury was that the assault was committed while the defendant was "displaying" a deadly weapon instead of being in "possession" of a deadly weapon. We accordingly correct the judgment by striking the word "possession" and placing in lieu thereof the word "displaying."

We find evidence upon which a rational trier of fact could be convinced beyond a reasonable doubt of the defendant's guilt of the offense for which he was indicted. The evidence meets the standard required by Rule 13(e), T.R.A.P.

With the minute entry of the judgment corrected we affirm the judgment below.

DUNCAN and CORNELIUS, JJ., concur.