Eddie Lee TURNER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Jackson.

June 26, 1985.

Permission to Appeal Denied by Supreme Court Sept. 9, 1985.

Brett B. Stein, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen., Michael D. Pearigen, Asst. Atty. Gen., Nashville, James J. Challen, III, Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

TATUM, Judge.

This is an appeal by Eddie Lee Turner from the denial of his Petition for Post-Conviction Relief. The appellant's petition alleges that he was denied the effective assistance of counsel at both the trial level and on direct appeal, due to his counsel's failure to raise several questions of constitutional dimension. Following an evidentiary hearing on the petition, the trial judge determined that trial counsel's conduct fell within the competency mandate of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975). After consideration of the issues presented on appeal, we affirm the trial court's judgment denying post-conviction relief.

The history of the appellant's case is as follows. The defendant was convicted by a jury on February 21, 1983, of conspiracy to commit armed robbery and concealing stolen property. He was acquitted of an armed robbery charge. By a judgment and opinion entered March 22, 1984, this court affirmed the defendant's conviction. See *State v. Eddie Lee Turner and Arthur Melvin Turner*, 675 S.W.2d 199 (Tenn.Cr. App.1984). The defendant's Petition to Rehear was thereafter denied as was his application for permission to appeal to the Tennessee Supreme Court.

In his Petition for Post-Conviction Relief, and on this appeal, the defendant alleges that he was denied the effective assistance of counsel at trial and on direct appeal by his counsel's failure to raise:

(1) Asserted violations of defendant's Sixth and Fourteenth Amendments constitutional rights, due to an alleged pattern of systematic exclusion of females from serving as grand jury forepersons in Shelby County;

(2) Asserted violations of defendant's constitutional rights, due to the introduction of evidence obtained from an alleged illegal search; and

(3) Asserted violation of defendant's Fifth Amendment constitutional right to be free from double jeopardy, allegedly resulting from his acquittal on the charge of armed robbery and conviction on the charge of conspiracy to commit armed robbery.

We note at the outset that in a post-conviction proceeding, the petitioner has the burden to prove his allegations by a preponderance of the evidence. Moreover, factual findings of the trial court are conclusive unless the evidence preponderates against such findings. *State v. Swanson*, 680 S.W.2d 487, 490 (Tenn.Crim.App.1984). Therefore, we must examine the evidence to determine whether it adequately supports the trial court's judgment.

With respect to the allegation that the defendant was deprived of constitutional rights because a pattern of systematic exclusion of female grand jury forepersons

exists in Shelby County, the court found that this issue was meritless since the defendant lacked standing to challenge the alleged discrimination in the grand jury composition.

As the court correctly stated, since the male defendant is not a member of the class allegedly discriminated against (women), he lacks standing to challenge that discrimination. *State v. Coe*, 655 S.W.2d 903, 910 (Tenn.1983). As such, we find that this issue has no merit, and is therefore overruled.

▮ Next, with respect to the allegation that the defendant was deprived of a constitutional right because certain evidence obtained from an alleged illegal search was introduced at trial, the court found that this issue was barred on two grounds. First, that it had been previously determined and rejected by this court in *State v. Eddie Lee Turner and Arthur Melvin Turner, supra,* at page 203, and second, that it lacked legal merit since the defendant's standing to attack the search and seizure of the residence seemed dubious, particularly in light of the consent form signed by the resident's occupant granting law enforcement officers permission to search the residence. We agree with the legal determinations made by the trial court and accordingly overrule this issue as being meritless.

▮ Finally, with respect to the allegation that the defendant was deprived of a constitutional right because he was subjected to double jeopardy by being convicted of conspiracy to commit armed robbery after having been acquitted of armed robbery, the court found the issue to have no merit. The trial court determined that the "same evidence was not offered to prove both the conspiracy and the armed robbery counts

of the indictment," and that "separate facts were offered from which the jury could have found the presence of either crime, armed robbery or conspiracy." * *See Gavieres v. United States*, 220 U.S. 338, 343, 31 S.Ct. 421, 422, 55 L.Ed. 489 (1911).

▮ A conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. *State v. Smith*, 197 Tenn. 350, 273 S.W.2d 143 (1954); see also *United States v. McCullah*, 745 F.2d 350, 355 (6th Cir.1984). Furthermore, the rule is settled that a defendant generally does not receive double or multiple punishment in violation of the double jeopardy prohibition when he is convicted and sentenced for a substantive offense and also for a conspiracy to commit this same offense. *United States v. Austin*, 529 F.2d 559, 562 (6th Cir.1976). We find that the defendant's conviction for conspiracy to commit armed robbery is constitutionally permissible, and thus overrule his contention on this issue.

After having found the allegations of constitutional deprivation to be meritless, the trial court determined that the defendant had in fact received the effective assistance of competent counsel. In announcing its decision, the trial court cited the language of *Shears v. State*, Shelby County # 82 (Tenn.Crim.App., Jackson, July 5, 1984). The trial judge stated, in part, as follows:

"Counsel need not raise every conceivable issue on an appeal, but should use the 'rifle approach' addressing only those issues that merit careful consideration by the Court. By analogy, trial counsel need not raise every frivolous issue that may be snatched from the legal winds and injected into the fray. Effective advocacy calls for vigorous presentation of those issues that aid the client and en-

---

* In *Gavieres v. United States, supra,* the U.S. Supreme Court stated that the test to be applied to determine whether the offenses are separate or essentially congruent is the "same evidence" test. The court held that whenever it appears that the proof of one offense proves every essential element of another growing out of the same act, the Fifth Amendment limits the punishment to a single act.

hance our just system. Injection of frivolous matter only hampers the progress of our trial system."

We find, as did the trial court, that it was not necessary for the defendant's trial counsel to raise issues that lacked legal merit. As such, defendant's allegation that he was denied effective assistance of counsel due to counsel's failure to raise certain constitutional objections is without merit and likewise is overruled.

It results that the judgment of the trial court denying post-conviction relief is affirmed.

SCOTT, J., and JOE G. RILEY, Special Judge, concur.