STATE of Tennessee, Appellee,

v.

Johnny Franklin WALKER, Jr., Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 28, 1986.

Permission to Appeal Denied by Supreme Court April 28, 1986.

Lionel R. Barrett, Jr., Nashville, James Woodard, Lee Ofman, Franklin, for appellant.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Nashville, Maurine A. Carroll, David L. Puckett, Asst. Dist. Attys. Gen., Franklin, for appellee.

## OPINION

TATUM, Judge.

The defendant, John Franklin Walker, Jr. was convicted under a two-count indictment for conspiracy to sell marijuana and for selling marijuana. He was fined $3,000.00 for each offense. He was sentenced to confinement of not less than two years nor more than five years on the conspiracy offense and to three years imprisonment for the selling offense. The court ordered the two penitentiary sentences to be served consecutively.

The defendant presents three issues on appeal. He says that the court erred in failing to grant his motion for a judgment of acquittal made at the end of the State's proof. He also insists that the trial court abused its discretion in denying probation and in requiring him to serve the two sentences consecutively. We find no merit in the issues presented and therefore affirm the judgments of the trial court.

We first address the issue alleging that the trial court erred in not granting the defendant's motion for Judgment of Acquittal. At the conclusion of the State's

proof, the motion was made and overruled. After the motion was overruled, the defendant testified and introduced several other witnesses on his behalf. In *Mathis v. State*, 590 S.W.2d 449, 453 (Tenn.1979), the Tennessee Supreme Court stated:

"... When the court overrules, or does not act, upon a motion for an acquittal made at the conclusion of the State's proof, if counsel is convinced as to the validity of the motion, he or she must then and there take affirmative action to confine the controversy to the proof already presented. He or she should announce that the defendant stands on his motion, will present no proof, disclaims any benefit of any evidence introduced by his codefendant, disavows any detriment, ... and he should participate no further in the trial until after the conclusion of all the proof."

*See also State v. Carter*, 681 S.W.2d 587 (Tenn.Crim.App.1984); *State v. Copeland*, 677 S.W.2d 471 (Tenn.Crim.App.1984).

In his brief, the defendant concedes that current Tennessee law is as stated in the *Mathis* case, but requests us to overrule *Mathis* and its progeny. We consider ourselves bound by *Mathis* and decline to overrule it and its progeny. This issue is without merit.

The next issue concerns the imposition of consecutive sentences. In ordering consecutive sentences, the trial judge declared the defendant to be "a professional drug dealer" and "a professional criminal." The evidence abundantly supports this finding.

The defendant's coconspirator, Billy Jo McMullin, testified for the State. He testified that from about September, 1981 until August 12, 1982, he made weekly purchases of marijuana from the defendant. The first purchase was for four pounds but many later purchases ranged from thirty to thirty-five pounds. McMullin paid the defendant $325 per pound for the marijuana. McMullin was himself a wholesaler and would resell the substance in lots ranging from one pound to five pounds. The de-

fendant was a licensed pilot and owned an airplane which he used in the marijuana business. He also had access to several automobiles that were used in making deliveries of the marijuana. The record firmly establishes that the defendant was a major wholesale dealer in marijuana.

In *Gray v. State*, 538 S.W.2d 391 (Tenn. 1976), the Supreme Court promulgated the rule that consecutive sentencing be reserved to certain classifications of criminal offenders. One classification is the "professional criminal" who is defined as "one who has knowingly devoted himself to criminal acts as a major source of livelihood or who has substantial income or resources not shown to be derived from a source other than criminal activity." We have no hesitancy in saying that the sales to McMullin of amounts ranging from four pounds to thirty to thirty-five pounds of marijuana per week at the price of $325 per pound is "a major source of livelihood." The defendant argues that since he and his wife operated a legitimate day care center from which he derived income, he cannot be classified as a "professional criminal." We disagree. One who derives "*a* major source of livelihood" from criminal activity may also receive substantial livelihood in a legitimate business. The operation of a legitimate business will not insulate a professional criminal, as defined in *Gray*, from consecutive sentencing.

The defendant also comes clearly within the definition of a "multiple offender," who is "one whose record of criminal activity is extensive." The weekly sales of marijuana as above described for a period of one year is extensive criminal activity. The trial judge did not clearly specify that the defendant was a multiple offender but we have no hesitancy in doing so.

■ The defendant further argues that he should not have been given consecutive sentences for separate convictions involving both a conspiracy and the crime which is the object of the conspiracy. The conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. *State v. Smith*, 197 Tenn. 350, 273 S.W.2d 143 (1954). Where a conspiracy count is added to a count for the substantive crime, cumulative sentences may be imposed. *Callanan v. United States*, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312, rehearing denied, 365 U.S. 825, 81 S.Ct. 687, 5 L.Ed.2d 703 (1961); *United States v. Clevenger*, 105 F.Supp. 333 (D.C.Tenn.1951). We hold that the trial court did not abuse its discretion or act illegally in imposing consecutive sentences.

■ We also hold that the trial court did not abuse its discretion in denying probation. As stated, the defendant for at least one year has been a professional criminal and multiple offender. In addition to his extensive marijuana operations, he has had other difficulty with the law. In 1980 the defendant was arrested in Florida with Mr. Carl Boaz. They were apprehended approximately 12 miles from a crashed airplane containing 100 pounds of marijuana. Mr. Boaz was not a pilot but he was convicted of possession of marijuana. The defendant was not convicted. The defendant also testified that in 1964, he and a companion took an automobile that did not belong to them and was arrested. The defendant stated that there was no court proceeding in connection with this.

In 1967 he was arrested for violation of the Selective Service Act but was not prosecuted because he agreed to go to an induction center. In January 1968, he was arrested in Ft. Lauderdale, Florida on a fugitive warrant from Sumner County, Tennessee, charging third-degree burglary. He entered a plea of guilty to the burglary charge.

The foregoing social history, criminal activity and criminal record constitute more than sufficient cause for the trial judge to refuse probation in the exercise of sound and conscientious discretion.

Affirmed.

DWYER and BYERS, JJ., concur.