**David M. MINTZ, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 20, 1990.

Permission to Appeal Denied by Supreme Court April 8, 1991.

Paul E. Kaufman, Knoxville, for appellant.

Charles W. Burson, Atty. Gen., Amy L. Tarkington, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Edward E. Wilson, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

BIRCH, Judge.

The petitioner, David Mintz, appeals the judgment of the Criminal Court of Sullivan County dismissing his petition for post-conviction relief.

To set the case in its proper procedural aspect, in 1985, Mintz entered pleas of guilty to eleven counts of robbery accomplished by the use of a deadly weapon. The trial court accepted a plea agreement and sentenced him to the agreed term of twenty-five years for each of the eleven counts. The trial judge ordered the sentences to be served concurrently except for one, providing for Mintz the effective sentence of fifty years to which he had agreed.

Some four years later, Mintz filed the instant petition for post-conviction relief, contending that the eleven guilty pleas were entered without the effective assistance of counsel. He urges, consequently, that the guilty pleas were not knowingly, intelligently, or voluntarily entered and should be vacated.

Following a full evidentiary hearing in which Mintz was represented by appointed counsel, the trial court concluded that the representation afforded Mintz by trial counsel during the guilty plea proceedings was within the range of competence required in criminal cases and ruled that the pleas had been entered without constitutional violation.

We have thoroughly examined the entire record. For the reasons stated below, the judgment of the trial court is affirmed.

### I

When a post-conviction petitioner is afforded an evidentiary hearing, the trial court's findings of fact are conclusive unless the evidence preponderates against them. *Turner v. State,* 698 S.W.2d 90 (Tenn.Crim.App.1985); *State v. Swanson,* 680 S.W.2d 487 (Tenn.Crim.App.1984); *Janow v. State,* 470 S.W.2d 19 (Tenn.Crim. App.1971).

When the petitioner contends, as he does here, that trial counsel failed to provide effective assistance, the petitioner must establish by a preponderance of the evidence that the services rendered or the advice given by counsel fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975). In addition to this, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requires that the petitioner prove that he suffered prejudice because of sub-standard representation. The Supreme Court of Tennessee adopted this latter component in *State*

*v. Harbison,* 704 S.W.2d 314, 319 (Tenn. 1986); *see Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (approving use of *Strickland* test to resolve allegations of ineffective assistance of counsel arising from the entry of guilty pleas).

Inasmuch as the trial court found that Mintz failed to establish his assertions regarding the effectiveness of his counsel's assistance, this court must review the record to determine whether the evidence preponderates against this finding.

The trial court distilled the general allegations into three issues: namely,

1. Whether trial counsel advised petitioner of the possibility of a sentencing hearing during which mitigating evidence could have been presented;
2. Whether trial court was familiar with the law regarding consecutive sentencing so as to be able to advise Mintz of his exposure to consecutive sentencing; and
3. Whether trial counsel advised Mintz that consecutive sentences could be made concurrent through the prison system once he was in the penitentiary.

To understand these issues in context, a brief factual review will be helpful.

Mintz and Michael Haynes [1] committed a series of armed robberies in the Kingsport area. The first was committed on April 11, 1985, and took place in a convenience market. Haynes wielded a deadly weapon and robbed a clerk of approximately $300. Mintz did not enter the store, but drove the car in which they escaped. Mintz shared in the proceeds of this robbery.

The second occurred on the following day as Mintz accosted a man about to use an after-hours bank depository. At gunpoint, Mintz took $3,000 from this man and left him handcuffed to the steering wheel of his car. Mintz wore a ski mask while accomplishing this robbery. Haynes, though not the principal actor on this occasion, participated.

On May 1, 1985, Mintz and Haynes, each wearing a stocking mask and wielding a deadly weapon, took approximately $1,200 from the manager of a Kingsport food establishment. In addition to robbing the manager, they robbed eight patrons and herded them into a rest room.

Haynes and Mintz confessed their crimes, and at no time has Mintz denied his guilt of these offenses.

Mintz's family retained an experienced attorney to represent Mintz. Based upon his initial investigation, counsel determined that the state could, indeed, prove the eleven charges against Mintz. Because of this, counsel decided to negotiate for the very best plea agreement possible. This decision apparently met with the approval of Mintz and his family. Counsel's intensive efforts to extract from the prosecutor a suitable plea bargain offer met with success, and Mintz ultimately accepted the state's offer. The trial court approved it and sentenced Mintz as we have outlined earlier in this opinion.

## II

Of the three issues upon which Mintz introduced proof at the evidentiary hearing, he obviously views counsel's decision regarding the sentencing hearing as most important. It is well to note at this point that the trial judge is not required to conduct a sentencing hearing following the acceptance of a plea agreement which includes an agreed sentence.[2] In any event, petitioner cannot lay claim to a sentencing hearing as a matter of right under the circumstances this case presents.

Mintz argues that counsel's failure to advise him of the availability of a sentencing hearing deprived Mintz of an opportunity to present mitigating evidence to the trial judge. For Mintz to meet the prejudice requirements of *Strickland,* he must demonstrate his readiness to forsake the certainty of the predetermined sentence in favor of the opportunity to present these

---

1. Although Haynes bargained for and received the same sentence as Mintz, his appeal is not now before us.

2. See Tenn.R.Crim.P. 11(e).

"mitigating" aspects of his life. With this choice comes a sentence undeterminable in advance. We have carefully scrutinized the evidence of record on this point and find that Mintz has not made this necessary showing.

First, trial counsel carefully explained to Mintz (and his parents) that Mintz could reject the fifty-year offer and "throw himself upon the mercy of the court." This meant, as trial counsel clarified for the Mintz', that he could gamble in hopes that the sentence imposed by the trial judge would not exceed the fifty years offered. As we understand the record, this is exactly what Mintz did not want. He preferred to accept the fifty-year sentence rather than risk receiving a lengthier one. Moreover, Mintz never evinced a real desire for a jury trial on the issue of guilt or innocence. Even so, an accused may, through plea bargaining, agree to an increase in grade or status that would require a longer sentence than could have been imposed without the agreement. *State v. Mahler*, 735 S.W.2d 226 (Tenn.1987). Thus, simply put, Mintz accepted a longer sentence than he thought he deserved to avoid the risk of receiving an even longer one.

We conclude that there is abundant evidence in the record supportive of the trial judge's finding that the petitioner's proof on this question does not meet the requirements of *Strickland.*

### III

As for the second of petitioner's issues, the trial judge found as a matter of fact that trial counsel made no suggestion whatsoever to Mintz or his parents that the prison officials could or would change his sentence to make it concurrent. The record supports this conclusion; this issue is overruled.

### IV

The last of petitioner's contentions must also fail. The contention is that trial counsel was unfamiliar with the criteria for consecutive sentencing and was therefore unable to advise Mintz properly. Counsel testified, and the trial judge found, that he was familiar with the law regarding consecutive sentencing. As it turned out, trial counsel was indeed accurate in his assessment of Mintz's potential exposure to consecutive sentencing. What trial counsel overlooked, as the state points out, is that Mintz was exposed to consecutive sentencing not only as a dangerous offender but also as a multiple offender. The trial judge's finding on this issue is amply supported by evidence contained in the record. It will not be disturbed.

### V

In conclusion, it is quite obvious from the petition, the proof, the argument, and the brief, that Mintz's real grievance is the length of his sentence rather than the quality of the representation he received. We have scrupulously declined the thinly-veiled invitation to consider the length of his sentence. This, we think, is beyond the reach of the Post–Conviction Procedure Act as it applies to Mintz. And even at that, the record indicates that Mintz can be released in about ten years, a lesser period than the trial judge had contemplated when he imposed the sentence.

The judgment denying post-conviction relief is, for the reasons stated herein, affirmed.

WADE and TIPTON, JJ., concur.