**STATE of Iowa, Appellant,**

v.

**Roger Walter CLARKE, Appellee.**

**No. 83–658.**

Supreme Court of Iowa.

Jan. 18, 1984.

er she had engaged in oral sex with another person within the previous year.

The court held an in camera pretrial hearing on the defendant's application to admit the evidence pursuant to Iowa Rule of Criminal Procedure 20(5) and the State's motion in limine to prevent its admission. After reviewing depositions taken by the defendant and considering arguments of counsel the trial court determined that the defendant would be allowed to ask the complaining witness one question: "Have you ever had oral intercourse with anyone within one year prior to April 3rd, 1983?" On the State's motion we granted discretionary review and a stay of the scheduled trial.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and J. Patrick White, County Atty., for appellant.

C. Joseph Holland of Hayek, Hayek, Hayek & Holland, Iowa City, for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

WOLLE, Justice.

In this sexual abuse case we granted the State's request for discretionary review of the trial court's pretrial order permitting defendant to introduce evidence of the complaining witness's past sexual conduct. Because defendant has not established a proper basis for admission of the evidence at trial, we reverse and remand.

The defendant Roger Walter Clarke was charged on April 11, 1983, with sexual abuse in the third degree in violation of Iowa Code section 709.4(1) (1983). Specifically, the State alleges that defendant forced the complaining witness to have oral sex with him. Defendant has pleaded not guilty, basing his defense primarily on the theory that the' complaining witness was drunk and disoriented at the time and simply imagined the event. In furtherance of that defense he requested permission to ask the complaining witness at trial wheth-

## I. Criminal Rule 20(5) and Rule of Evidence 412.

At the time of the in camera hearing, Iowa Rule of Criminal Procedure 20(5) was in effect. That rule provided:

Evidence of past sexual conduct in trials of sexual abuse. In prosecutions for the crime of sexual abuse, evidence of the prosecuting witness' previous sexual conduct shall not be admitted, nor reference made thereto in the presence of the jury, except as provided herein. Evidence of the prosecuting witness' previous sexual conduct shall be admissible upon appropriate order of the court if the defendant shall make application to the court not later than five days before trial.

The court shall conduct a hearing in camera as to the relevancy of such evidence of previous sexual conduct, and shall limit the questioning and control the admission and exclusion of evidence upon trial.

In no event shall such evidence of previous sexual conduct of the prosecuting witness committed more than one year prior to the date of the alleged crime be admissible upon the trial, except previous sexual conduct with the defendant. Nothing in this rule shall limit the right of either the state or the accused to impeach credibility by the showing of

prior felony convictions which are otherwise admissible.

Rule 20(5) was replaced on July 1, 1983 by rule 412 of the new Iowa Rules of Evidence, which provides:

SEXUAL ABUSE CASES: RELEVANCE OF VICTIM'S PAST BEHAVIOR

(a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, reputation or opinion evidence of the past sexual behavior of an alleged victim of such sexual abuse is not admissible.

(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is:

(1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or

(2) admitted in accordance with subdivision (c) and is evidence of:

(A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

(B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which sexual abuse is alleged.

(c)(1) If the person accused of sexual abuse intends to offer under subdivision (b) evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer such evidence not later than fifteen days before the date on which the trial in which such evidence is to be offered is scheduled to begin, including during trial, if the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties and on the alleged victim.

(2) The motion described in paragraph (1) shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subdivision (b), the court shall order a hearing in chambers to determine if such evidence is admissible. At such hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. Notwithstanding rule 104(b), Iowa Rules of Evidence, if the relevancy of the evidence which the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue.

(3) If the court determines on the basis of the hearing described in paragraph (2) that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined.

(d) For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which sexual abuse is alleged.

Although the language in rule 412 differs considerably from criminal rule 20(5), the rules are substantially similar in effect. *See* the Committee Comment following rule 412 ("Rule 412 is similar in purpose and effect to present Iowa law found in Iowa Rule of Criminal Procedure 20(5) and cases arising thereunder."). They constitute Iowa's version of the so-called rape shield law, one of the exceptions to the general

rule that relevant evidence is generally admissible. *See* Iowa R.Evid. 402. Because the new Iowa rules of evidence will be applied at the defendant's upcoming trial, we decide this appeal by applying rule 412, although our decision would be the same if we were to apply rule 20(5).

For prior sexual conduct of the complaining witness to be admissible under the former rule it was not sufficient that the prior conduct be relevant in a general sense. The evidence was deemed admissible

> only if the court finds it is relevant to a material factual dispute and its probative value is not outweighed by danger of unfair prejudice, confusion of issues, or unwarranted invasion of complainant's privacy, or considerations of undue delay and time waste, or needless presentation of cumulative evidence.

*State v. Ball,* 262 N.W.2d 278, 281 (Iowa 1978) (interpreting Iowa Code section 782.4, the substantially similar predecessor of rule 20(5)). Under rule 412, evidence of the complaining witness's past sexual behavior, though possibly admissible under other Article IV principles governing relevancy, is not admissible unless the proponent satisfies the special procedural requirements of subsection (c) and the evidence falls within one of the exceptions found in subsection (b).

The two narrow exceptions of subsection (b)(2) are not pertinent to the facts of this case. Our decision here must therefore turn on our application of subsection (b)(1) which requires that prior sexual conduct be admitted if the requirements of subsection (c) are satisfied and the Constitution so requires.

## II. *Constitutional Requirements of Admissibility.*

■ We first address the constitutional requirements referred to in rule 412(b)(1). The constitutional provisions most often implicated in cases of this type are the sixth amendment right of confrontation and the fourteenth amendment due process right to a fair trial. *See* Annot., 1 A.L.R.4th 283 (1980). The Constitution,

however, ordinarily requires only the introduction of otherwise relevant and admissible evidence. *United States v. Nixon,* 418 U.S. 683, 711, 94 S.Ct. 3090, 3109, 41 L.Ed.2d 1039, 1066 (1974); *United States v. Kasto,* 584 F.2d 268, 272 (8th Cir.1978), *cert. denied,* 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979); *see also Davis v. Alaska,* 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974). Evidence that is irrelevant is not constitutionally required to be admitted. *State v. Folck,* 325 N.W.2d 368, 374 (Iowa 1982); *State v. Davis,* 269 N.W.2d 434, 438 (Iowa 1978). Further, the trial court has a duty to protect a witness from questions which go beyond the bounds of proper cross-examination merely to harass, annoy, or humiliate. *State v. Davis,* 269 N.W.2d at 438. Even relevant evidence is not constitutionally required to be admitted if the prejudicial effect outweighs the probative value. *People v. Blackburn,* 56 Cal.App.3d 685, 691, 128 Cal.Rptr. 864, 867 (1976); *State v. Gibson,* 636 S.W.2d 956, 958 (Mo.1982); *State v. Fortney,* 301 N.C. 31, 36, 269 S.E.2d 110, 113, (1980); *see also Chambers v. Mississippi,* 410 U.S. 284, 295, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297, 309 (1973) ("[T]he right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.")

## III. *Application of Rule 412(b)(1) in This Case.*

■ Subsection (b)(1) of rule 412 is a narrow exception to the general policy expressed in rule 412 that evidence of a victim's prior sexual behavior is inadmissible. Important policy reasons underlie rape shield laws like criminal rule 20(5) and rule of evidence 412. As this court has previously stated:

> One purpose of rape shield laws is to protect the privacy of victims. Another is to encourage the reporting and prosecuting of sex offenses.

.   .   .   .   .

A third reason is to prevent time-consuming and distracting inquiry into collateral matters.

．　．　．　．　．

*State v. Ogilvie*, 310 N.W.2d 192, 195 (Iowa 1981) (citation of authorities omitted). The legislative history of federal rule 412 is instructive. Congressman Mann, in explaining rule 412 to the House of Representatives, stated:

> The new rule also provides that a court cannot admit evidence of specific instances of a rape victim's prior sexual conduct except in three circumstances.
>
> The first circumstance is where the constitution requires that the evidence be admitted. This exception is intended to cover those infrequent instances where, because of an unusual chain of circumstances, the general rule of inadmissibility, if followed, would result in denying the defendant a constitutional right.

124 Cong.Rec. H11944 (1978).

Our task, then, is to determine whether this case presents such a narrow exception. On each of the two theories of relevancy advanced by the defendant, we must decide whether the evidence which the trial court ruled admissible is truly relevant and, if so, whether the probative value of the evidence outweighs its prejudicial effect and the public policy favoring its exclusion.

■ One theory on which defendant suggests relevancy is that if the complainant had previously experienced oral sex with another person she would more likely later fantasize such an event and be less able to distinguish fact from fiction. In response, the State argues that there is no basis in logic or common experience for the suggested inference that such an experience would make more likely her fantasizing of the event. The State contends that, at the very least, the defendant should be required to offer foundational evidence that the complainant's past experience would make more likely her later fantasizing of the event which is the subject of this sexual abuse charge. The State concedes that in some cases the court may properly allow the defendant to question a complaining witness about prior sexual conduct based on the theory that an act was fantasized, but it contends such evidence should be allowed only as the basis of expert psychologic or psychiatric testimony. *See* Berger, "Men's Trial, Women's Tribulation: Rape Cases in the Courtroom", 77 Colum.Rev. 1, 68–69 (1977) (suggesting admissibility of prior conduct only as the basis for testimony of an expert witness). *But see* C. Wright & K. Graham, Federal Practice and Procedure § 5387, at pp. 578–79 (1980) (arguing that this evidence should not be admitted even as a basis for expert testimony).

The State's position is sound. Relevant evidence is evidence having any tendency to make the existence of any fact more probable or less probable than it would be without the evidence. Iowa R.Evid. 401; *see Carson v. Mulnix*, 263 N.W.2d 701, 706 (Iowa 1978). Defendant has not shown that complainant would more likely have fantasized the event in question if she had had a similar prior experience with another person. Consequently, on the defendant's first theory, we find the evidence of complainant's prior conduct irrelevant and inadmissible under Rule 412.

Defendant vigorously urges a second reason why the complaining witness's previous sexual experience with oral sex would be relevant. He argues that her alleged first-hand knowledge of the mechanics of oral sexual intercourse makes it more likely that she could describe the allegedly fantasized event in a plausible way and make the event more believable to a jury and to herself as well. In other words, the defendant anticipates that the complainant will describe in detail what she claims occurred in connection with the alleged act of sexual abuse. He fears that because the complainant is a relatively young female, the jury will infer that she could only have sufficient knowledge of the details of oral sexual intercourse to describe it believably if the event actually happened. He wishes to argue that she is able to describe a fantasized act of oral sex plausibly because of some similar previous

experience with another person, thereby eliminating the inference that the act of sexual abuse must be real or she would be unable to describe it. Again, however, we find no logical or natural inference that the complaining witness could more plausibly describe a fantasized act of oral sex if she had experienced oral sex with another person. *See* Iowa R.Evid. 401. Defendant's second theory for admissibility is based on unsubstantiated assumptions and fears about what a jury may infer from the complaining witness's testimony. The evidence which the trial court ruled admissible is, at most, of very marginal probative value. It certainly does not constitute evidence whose probative value outweighs the substantial danger of unfair prejudice, confusion of issues, misleading of the jury, and invasion of complainant's privacy which rule 412 and other rape shield laws are designed to prevent. *State v. Ball,* 262 N.W.2d at 281.

We are not unmindful that the admission of evidence is a matter of trial court discretion; we will not ordinarily reverse a trial court's evidentiary ruling absent an abuse of that discretion. *State v. Windsor,* 316 N.W.2d 684, 688 (Iowa 1982). Here, however, we conclude that defendant has not established that the proffered testimony is sufficiently relevant to overcome the policies favoring its exclusion. The Iowa rules of evidence do not permit that testimony, and defendant's constitutional rights to confrontation and due process of law do not require that it be presented to the jury. *See State v. Folck,* 325 N.W.2d at 374; *State v. Davis,* 269 N.W.2d at 438.

The trial court erred in granting defendant permission to ask the complaining witness about her prior sexual conduct. The trial court should have sustained the State's motion in limine and denied the defendant's application to admit the evidence.

REVERSED AND REMANDED.

All Justices concur except LARSON, J., who dissents.

LARSON, Justice (dissenting).

I believe the case presented by the defendant to establish relevancy of the prior sexual experience was strong enough to present a close question on the issue of whether the probative value of the evidence was outweighed by the potential prejudice. Under these circumstances, I think we should defer to the discretion of the trial court. I would affirm on that ground.