**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Christopher Charles LEE, Defendant and Appellant.**

**No. 14587.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 8, 1985.

Decided March 20, 1985.

John W. Bastian, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Thomas K. Wilka of Hagen & Wilka, Sioux Falls, for defendant and appellant.

WUEST, Acting Justice.

Christopher Charles Lee (appellant) was convicted of grand theft by threat, pursuant to SDCL 22–30A–4, in that he obtained money in excess of $200 from Doug Lund. Appellant appeals. We affirm.

Doug Lund, a salvage parts dealer from Harrisburg, South Dakota, received a telephone call while asleep at approximately 11:55 p.m. on November 4, 1983. The caller identified himself as Chris Lee, stated that he was black, that Doug Lund's son Chad owed him $1,500, and that he wanted the money immediately. Doug Lund was unable to understand all that was said, but interpreted the conversation as a threat. It made Lund "excited," "scared for his (son)," and "mad." Lund discussed the call with his wife and they immediately went to their son's residence in Sioux Falls, South Dakota. Their son admitted owing the money and that it was for the purchase of drugs. Not having $1,500 on hand, Lund and his son went to Lund's place of business and wrote a check payable to appellant in the amount of $1,500, which they immediately delivered to him and which was subsequently cashed.

At trial, Lund was unable to remember any specific threats made by appellant. He did, however, testify that threats were made but he could not state them. Lund further testified that the conversation put him in fear for his son's safety and his own. Chad Lund testified that when his parents arrived at his residence they told him the $1,500 had to be taken to appellant's house "or else someone would be

floating in the river." The evidence further disclosed that Chad Lund had been receiving drugs from appellant and owed him $2,500 for previous purchases of cocaine, and that appellant had made many attempts to collect this sum, and was being paid $100 a week by Chad Lund. The record indicates that appellant owed money to a third party for drugs and was being pressured for payment.

The incident was not reported to the Sioux Falls Police until December 3, 1983. At trial, Doug Lund recalled telling the police that appellant made comments during the telephone conversation to the effect that someone would be floating in the river if the debt was not paid. On direct examination, however, Doug Lund had no independent recollection of those statements.

Appellant claims that the trial court erred in denying his motion for a judgment of acquittal at the close of the State's case. In ruling on the motion, the trial court "had to resolve all conflicts in the evidence and inferences that could be drawn from the evidence in favor of the State at the end of its case-in-chief." *State v. Esslinger*, 357 N.W.2d 525, 530 (S.D.1984). *See also State v. Bult*, 351 N.W.2d 731 (S.D. 1984); *State v. Decker*, 317 N.W.2d 138 (S.D.1982); *State v. Gallegos*, 316 N.W.2d 634 (S.D.1982); *State v. Vogel*, 315 N.W.2d 321 (S.D.1982).

The essential elements of the offense of theft by threat, as charged in the indictment, are (1) that appellant on or about the time and place alleged in the indictment obtained money, (2) that the money was the property of Doug Lund, (3) that the appellant obtained the money by threatening to inflict bodily injury on anyone or commit any criminal offense, and (4) that property exceeding a value of $200 was taken from the person of Doug Lund. SDCL 22–30A–4(1) and 22–30A–17.

The only element at issue in the instant appeal concerns whether appellant obtained the money by threatening to inflict bodily injury on anyone or commit any criminal offense.

The trial court gave the following instruction which was taken, almost verbatim, from the South Dakota Pattern Jury Instructions 3–7–690B:

To find the defendant guilty of theft by threat, the State must prove beyond a reasonable doubt that the defendant threatened Doug Lund. To threaten someone means to make a threat. A threat is a declaration or a show of a disposition or determination so as to unsettle the mind of the person to whom it was directed so as to prevent voluntary action. The threat may be oral, written or printed. No specific words are necessary to constitute a threat. A threat may be made by innuendo or suggestion. It is proper for the jury to consider such things as the relationship between the defendant and Doug Lund, as well as the circumstances under which the statement was made, to determine whether or not a threat was made.

The source of this instruction is *State v. Kramer*, 31 Del. 454, 115 A. 8 (1921); *State v. Hamre*, 247 Or. 359, 429 P.2d 804 (1967); 31 Am.Jur.2d *Extortion* § 1 at 901, § 10 at 907 (1967). Since appellant failed to object to this instruction upon the settlement of the instructions, it became the law of the case on appeal. This rule applies even though there may be plain error in the instruction. *State v. Ellefson*, 287 N.W.2d 493 (S.D.1980). The plain error rule is applied cautiously and only in exceptional circumstances. *Gallegos*, 316 N.W.2d at 637.

In his reply brief, appellant states that he is not appealing from the instruction itself but, rather, from the trial court's use of the definition included in that instruction in denying appellant's motion at the close of the State's case.

We believe the instruction correctly states the manners, or methods, of making a threat under the provisions of SDCL 22–30A–4(1). Nonetheless, this does not foreclose the requirement that the threat be to "inflict bodily injury on anyone or commit any criminal offense." We further believe that the evidence introduced in

the State's case-in-chief was sufficient, if believed by the jury, to sustain a verdict of guilty. It is true that the State's chief witness, Doug Lund, had a lapse of memory from the time he reported the incident to the police and the time of trial. On the other hand, the evidence showed that Doug Lund was "scared for his (son)." Furthermore, Doug Lund and his wife hurriedly went to their son's residence in Sioux Falls where they told him that $1,500 had to be taken to appellant's house "or else someone would be floating in the river." They took the check to appellant and when Doug Lund reported the matter to the police he also told the police that appellant made comments during the telephone conversation to the effect that someone would be floating in the river if the debt was not paid. No error is urged that this evidence should not have been received. We believe the trial court ruled correctly when it denied the motion for judgment of acquittal.

Affirmed.

All the Justices concur.