STATE of Iowa, Plaintiff-Appellee,

v.

Robert Todd PARSONS, Defendant-Appellant.

No. 85–1384.

Court of Appeals of Iowa.

Dec. 23, 1986.

Charles L. Harrington, Appellate Defender, and Deborah A. Goins, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., and Patricia Houlihan, Asst. Polk Co. Atty., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

The defendant, Robert Todd Parsons, appeals his conviction and sentence for an aggravated misdemeanor of assault with intent to commit sexual abuse pursuant to Iowa Code section 709.11 (1985). Parsons contends the district court abused its discretion by denying his application to introduce evidence of the victim's prior sexual conduct pursuant to Iowa Rule of Evidence 412. Parsons also contends the district court abused its discretion by denying his motion for mistrial, which alleged that the prosecutor had committed misconduct by cross-examining defense witnesses about subjects not already in the record. Finally, Parsons contends the district court abused its sentencing discretion by failing to consider all the relevant factors in choosing a sentence of imprisonment rather than probation. We affirm.

Parsons was originally charged with sexual abuse in the third degree stemming from a charge by the fifteen-year-old victim that Parsons had forced her to have sexual relations with him at her home at approximately 5:30 a.m. on the morning of March 27, 1985. The victim at trial testified that she awoke from sleep to find Parsons straddling her body. The victim testified that Parsons forced her to have oral sex and intercourse with him, then cut the telephone cord, and told her that he would come back if she told anyone.

After her assailant left, the victim called her sister and proceeded to a hospital. At the hospital, the victim told the nurse there had been no vaginal intercourse, but that oral sex had occurred. While no seminal fluid was found in the victim's mouth or vaginal area, such fluid was found on the front of the victim's sweater.

At trial, Parsons sought to introduce evidence of the victim's past sexual conduct to rebut testimony suggesting that the victim's conflicting statements to police and medical personnel on the day of the assault resulted from her ignorance and naivete concerning sexual matters. Parsons also asserted that evidence of the victim's sexual experiences was relevant to rebut testimony linking her alleged virginity to blood found on the victim's bed sheets. The trial court denied defendant's request to introduce the victim's past sexual conduct due

to the fact that no offer of proof on such matters had been introduced in writing, that there was no constitutional basis for offering such evidence, and that no impeachable testimony had been introduced at that point in the trial.

At trial, Parsons also moved for a mistrial based upon alleged prosecutorial misconduct. Parsons contends that the prosecutor, upon cross-examination of both Parsons and his mother, questioned them about matters which were not in the record. A major part of Parson's alibi defense that he was home at the time of the alleged assault concerned whether or not the Parsons' dogs would have barked if defendant Parsons had come home during the early morning hours of March 27, 1985. The prosecutor had questioned Parsons' mother concerning statements made by a neighbor that the dogs were extremely quiet and rarely barked. The prosecutor had also questioned Parsons about whether he had given the victim a slip of paper with his name and telephone number for the victim to call. Defense counsel later stated to the trial court that he did not object to such questioning at the time they were introduced because he believed that the prosecutor would present evidence relating to those questions. The trial court, however, overruled the motion for mistrial.

Following trial, a jury found Parsons guilty of the lesser-included offense of assault with intent to commit sexual abuse. At hearing for judgment and sentence, the trial court, noting that Parsons was of young age, employed, and lived with his family, nevertheless determined that the serious nature of the crime required that probation not be granted and that Parsons be confined for a period of not less than two years.

Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. The jury's findings of fact are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We view the evidence in a light most consistent with the judgment. *Menzel v. Morse*, 362 N.W.2d 465, 470 (Iowa 1985).

Parsons first contends that the trial court abused its discretion by denying his application to introduce evidence of the victim's prior sexual conduct under Iowa Rule of Evidence 412. We disagree.

As a general proposition, the admissibility of evidence is a matter for the exercise of the trial court's discretion. *State v. Chadwick*, 328 N.W.2d 913, 916 (Iowa 1983). The test for admission of evidence is that the evidence must be relevant and, if such evidence is relevant, the probative value of such evidence must outweigh the prejudice which could be caused by its admission into the record. *State v. Ellis*, 350 N.W.2d 178, 180 (Iowa 1984). Absent an abuse of discretion, however, we will not disturb the trial court's determination as to the admissibility of the challenged evidence. *State v. Gordon*, 354 N.W.2d 783, 784 (Iowa 1984).

Iowa Rule of Evidence 412 is a relatively recent addition to Iowa's evidentiary rules, replacing former Iowa Rule of Criminal Procedure 20(5). Though the language of rule 412 is substantially different from its predecessor, the rules have been interpreted to be substantially similar in effect. *State v. Clarke*, 343 N.W.2d 158, 160 (Iowa 1984). Rule 412 provides, in pertinent part:

(a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, reputation or opinion evidence of the past sexual behavior of an alleged victim of such sexual abuse is not admissible.

(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of sexual abuse, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is:

(1) admitted in accordance with subdivisions "c"(1) and "c"(2) and is constitutionally required to be admitted; or

(2) admitted in accordance with subdivision "c" and is evidence of:

(A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or

(B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which sexual abuse is alleged.

(c)(1) If the person accused of sexual abuse intends to offer under subdivision "b" evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer such evidence not later than fifteen days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties and on the alleged victim.

(2) The motion described in paragraph (1) shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subdivision "b", the court shall order a hearing in chambers to determine if such evidence is admissible. At such hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. Notwithstanding Iowa R.Evid. 104"b", if the relevancy of the evidence which the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue.

This version of the so-called rape shield is an exception to the general rule that evidence which is relevant is admissible. See Iowa R.Evid. 402. Under rule 412, evidence of an alleged victim's past sexual behavior is not admissible unless the proponent satisfies the special procedural requirements of subsection (c) and the evidence falls within the exceptions found in subsection (b). In the present case, the two narrow exceptions of subsection (b)(2) are not pertinent to the facts of this case. Therefore, our decision must rest on our application of subsection (b)(1), which requires that prior sexual conduct be admitted if the requirements of subsection (c) are satisfied and the Constitution so requires.

■ Parsons contends that evidence of the alleged victim's past sexual conduct is admissible under rule 412(b)(1). The constitutional rights most often implicated in cases of this nature are the sixth amendment right of confrontation and the fourteenth amendment due process right to a fair trial. *Clarke*, 343 N.W.2d at 161. The Constitution, however, requires only the introduction of relevant and admissible evidence. *United States v. Nixon*, 418 U.S. 683, 711, 94 S.Ct. 3090, 3109, 41 L.Ed.2d 1039, 1066 (1974). Evidence that is irrelevant is not constitutionally required to be admitted. *State v. Folk*, 325 N.W.2d 368, 374 (Iowa 1982). The trial court has a duty to protect a witness from questions which go beyond the bounds of cross-examination merely to harass, annoy, or humiliate. *State v. Davis*, 269 N.W.2d 434, 438 (Iowa 1978). Even where evidence is relevant, it is not constitutionally required to be admitted if the prejudicial effect outweighs the probative value. *Clarke*, 343 N.W.2d at 161.

The main purpose of the "rape shield" laws is to protect the privacy of the victim. *State v. Ogilvie*, 310 N.W.2d 192, 195 (Iowa 1981). The rules, however, were also designed to encourage the reporting and prosecution of sex offenses and to prevent the parties from delving into time-consum-

ing and distractive collateral matters. *Id.* As explained in the legislative history accompanying federal rule 412, the exception such as provided in 412(b)(1) was intended to cover those rare instances where the general rule of inadmissibility would result in denying a defendant his constitutional rights. *Clarke,* 343 N.W.2d at 163 (citing 124 Cong.Rec. H11944 (1978)).

Parsons in the present case sought to introduce evidence that the victim had engaged in intercourse prior to March of 1985 and that the blood found on the victim's sheets was not due to her virginity. Parsons also sought to introduce testimony through Dr. Matthew Sojka and nurse Vesta Sloan to rebut the victim's statements that she was uninformed as to sexual concepts and practices. We believe, however, that such evidence would have only confused the jury as to the central issue in this case, namely, whether Parsons was the party who committed the alleged crime.

The record reveals that the victim stated to the doctor at the hospital that she had engaged in intercourse prior to March of 1985, and subsequent pelvic examinations revealed that the victim was not a virgin. The victim, however, told the nurse that she had not engaged in intercourse prior to March of 1985. Dr. Sojka testified that his examination of the victim revealed that the victim was not a virgin and that the blood found on the sheets could not have resulted from the victim losing her virginity. The jury was therefore made fully aware that the victim was not a virgin. The victim herself testified that she had given conflicting statements and that the information she gave to nurse Sloan was incorrect. The victim's credibility as a witness was therefore put before the jury. It was therefore the province of the jury to determine whether the victim's prior inconsistent statements indicated a lack of inexperience. Parsons' suggestion that such evidence left the jury with the impression that the victim was sexually inexperienced is merely speculative, for the jury may well have concluded that the victim had previously experienced intercourse but was naive as to sexual concepts.

We find evidence of the victim's prior sexual experiences minimal at best. Parsons' chief defense was that he was at home at the time of the alleged assault. Both of his parents testified that he was at home. Therefore, evidence of the victim's prior sexual conduct would have added nothing to Parsons' defense. Whether or not the victim was a virgin had no probative value as to the question of the identity of the victim's attacker. The prejudice of introducing such evidence clearly would outweigh any probative value and could only have served to embarrass the victim and throw a smokescreen around the issue of identity. We therefore hold that the district court was correct in ruling evidence of the victim's prior sexual conduct inadmissible under Iowa Rule of Evidence 412.

Parsons next contends that the trial court abused its discretion in overruling his motion for mistrial based upon prosecutorial misconduct. In questioning Lonnie Parsons, the defendant's mother, the following colloquy occurred:

Q. Mrs. Parsons, you have a neighbor Dorothy Ray that lives on your street, isn't that correct? A. Yes, I did.

\* \* \* \* \* \*

Q. If she recalls being at your house that night and remarking about how quiet your dogs were, that they didn't bark a lot and everything because she also has dogs, would that be incorrect? A. No, because the dogs bark—it's like if they are feeling uncomfortable about something, if you go around behind the house, if anybody that goes around behind the house they bark because they are down in the lower level and my husband was out this week, out working under the deck and the little dog was growling and Bobby went over to look out and it was just my husband and the dog was growling at him. Anybody that walks around the side of our house, our dogs raise a ruckus.

In cross-examining Robert Parsons, the following exchange occurred:

Q. Were you ever interested in Jennifer other than a sister of an ex-girlfriend? A. No.

Q. Did you ever ask her out? A. No, ma-am.

Q. Did you ever give her your phone number?

\* \* \* \* \* \*

Q. Isn't it true that you wrote down your phone number for Jennifer on a little piece of paper and you wanted her to call you? A. No.

Q. Is this your writing and is that your phone number? A. Yes, it is my writing and this is my phone number.

Q. If I were to tell you that I received this from Jennifer Tetmeyer, you are telling me that that could be true? A. No, I am not telling you that. I am telling you I don't recall.

Q. Well, did you give it to Michelle on the first visit over there? A. I think that's when I gave it. If I give it to Jennifer it would have been then after Michelle had left.

Q. And for what reason? A. Probably to get ahold of me because I was wanting to have this party?

Parsons contends that because such evidence was not in the record at that point, such evidence prejudiced the defendant so as to require the granting of a mistrial. We disagree.

To prevail on a prosecutorial misconduct claim, the party so asserting must prove misconduct and that he was prejudiced thereby. *State v. Love*, 302 N.W.2d 115, 119 (Iowa 1981). Prosecutorial misconduct is grounds for reversal only if it deprives the accused of a fair trial. *State v. Williams*, 315 N.W.2d 45, 55 (Iowa 1982). We will intervene only if the trial court abuses the broad discretion with which it is vested in such matters. *State v. Erving*, 346 N.W.2d 833, 836 (Iowa 1984); *State v. Chadwick*, 328 N.W.2d 913, 916 (Iowa 1983). Where prosecutorial questions lacked a proper foundation and therefore appeared questionable, Iowa courts have held that a reversal will not be granted unless bad faith of the prosecutor appears. *Wycoff v. State*, 382 N.W.2d 462, 467 (Iowa 1986).

In the present case, we do not believe the trial court abused its discretion in denying Parsons' motion for mistrial. The prosecutor was willing to back up the questions by calling Parsons' neighbor and the victim to testify as to the contested matters. Parsons, however, rejected this offer. Parsons' mother admitted that her neighbor may have been at her home for a party and that she may have commented on the dogs' demeanor. Parsons also admitted that he may have given the victim his telephone number on the first visit to the victim's house, but that he couldn't recall doing so. It is thus readily apparent that there was a factual basis for the prosecutor's questions and that she did not imply the existence of a factual predicate that she knew she could not support by evidence. *Wycoff*, 382 N.W.2d at 467. There is no evidence of bad faith. We also note that defense counsel in his closing statement pointed out that the prosecutor's questions concerning the barking dogs were based on mere speculation and conjecture. We therefore do not find prosecutorial misconduct and hold that the trial court was correct in denying Parsons' motion for mistrial.

Parsons lastly contends that the trial court abused its discretion in sentencing the defendant by failing to consider other factors that must be considered in determining the appropriate sentence. Parsons contends that because of his age, work history, and stable family life, the trial court should have imposed alternative sentencing options, such as probation, rather than a prison sentence. We disagree.

A sentence will not be disturbed by a reviewing court unless the defendant demonstrates an abuse of discretion or a defect in the sentencing procedure. *State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983). An abuse of discretion appears only when it has been demonstrated that the discretion exercised by the trial court was based on grounds or for reasons clearly

untenable or to an extent clearly unreasonable. *State v. Meyers*, 382 N.W.2d 91, 93 (Iowa 1986). Generally, sentencing decisions of the trial court are cloaked with a strong presumption in their favor, and, until the contrary appears, the presumption is that the discretion of the trial court was rightfully exercised. *State v. Hansen*, 344 N.W.2d 725, 730 (Iowa Ct.App.1983).

▌ At the sentencing hearing, the trial court noted that Parsons was only 22 years of age, had a relatively-stable work record, and was living at home. The trial court also noted that it had also presided over Parsons' trial and was therefore very familiar with the testimony and evidence offered at trial. Noting the violent nature of the crime, the trial court, however, stated that it would unduly depreciate the seriousness of the offense to grant Parsons probation. The trial court, upon examining carefully the recommendations of the presentence investigator, determined that Parsons was in need of correctional treatment. Upon consideration of all the evidence, we believe that although factors may have existed which would have supported a decision granting probation, the trial court did not abuse its discretion in sentencing Parsons to a term not to exceed two years. The trial court's decision was not so palpably and grossly violative of fact and logic that it evidences not exercise of will but perversity of will, not evidence of judgment but defiance thereof. *State v. Noonan*, 246 N.W.2d 236, 237 (Iowa 1976).

AFFIRMED.