**Christopher Charles LEE, Petitioner and Appellant,**

**v.**

**Herman SOLEM, Warden, South Dakota State Penitentiary, Respondent and Appellee.**

**No. 15324.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1987.

Decided April 22, 1987.

Richard Braithwaite, of Braithwaite Law Offices, Sioux Falls, for petitioner and appellant.

Frank Geaghan, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MOSES, Circuit Judge.

Christopher Lee (petitioner) petitioned for a writ of habeas corpus alleging ineffective assistance of counsel. The circuit court quashed the writ. We affirm.

A jury convicted petitioner of grand theft by threat, pursuant to SDCL 22–30A–4. This court affirmed the conviction. *State v. Lee*, 364 N.W.2d 544 (S.D.1985).

During the trial Doug Lund, the complaining witness, was unable to remember any specific threats made by petitioner. He did, however, testify that threats were made. Lund further testified that his conversations with petitioner put him in fear for his son's safety and for his own.

Lund's son Chad testified that his parents came to his home and told him that $1,500 had to be taken to petitioner's house "or else someone would be floating in the river." The evidence disclosed that Chad Lund received drugs from petitioner, owed him $2,500 for previous purchases of cocaine, and paid petitioner $100 a week after petitioner made repeated attempts to collect the $2,500. The record indicates that petitioner owed money to a third party for drugs and was being pressured for payment.

Petitioner claims that he was denied the effective assistance of counsel. When reviewing such claims this court has applied both the more stringent standard of South Dakota and the less stringent standard presented in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Jones v. State*, 353 N.W.2d 781, 784 (S.D.1984), we said:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. To reverse a conviction on ineffective assistance grounds, a defendant must show: 1) that counsel's performance was deficient; and 2) that the deficient performance prejudiced the defense. The test for prejudice is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In making these evaluations, the proper standard for attorney performance is that of "reasonably effective assistance." Counsel is strongly presumed to have rendered adequate assistance, and a court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.

As we said in *Loop v. Solem*, 398 N.W.2d 140, 142 (S.D.1986):

> Before a defendant succeeds on an ineffective assistance of counsel claim, he must *normally* fulfill the twofold test stated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864. Not only must he show ineffective assistance of counsel, but in most circumstances he must show that he suffered prejudice as a result.

During the settling of jury instructions petitioner's counsel submitted an instruction which said that if the act or threat was by mistake or misfortune with no wrongful purpose, he committed no crime. The trial court refused to give this instruction. Rather, the trial court gave Instruction # 10. Petitioner's counsel did not object to this instruction. Petitioner argues that

this failure constitutes ineffective assistance of counsel.

Instruction # 10 said

To find the defendant guilty of theft by threat, the State must prove beyond a reasonable doubt that the defendant threatened Doug Lund. To threaten someone means to make a threat. A threat is a declaration or a show of a disposition or determination so as to unsettle the mind of the person to whom it was directed so as to prevent voluntary action. The threat may be oral, written or printed. No specific words are necessary to constitute a threat. A threat may be made by innuendo or suggestion. It is proper for the jury to consider such things as the relationship between the defendant and Doug Lund, as well as the circumstances under which the statement was made, to determine whether or not the threat was made.

■ Petitioner argues that Instruction # 10 is too broad because an accused could be convicted even if he had no intent to threaten and even if no reasonable person could take his words as a threat. In petitioner's direct appeal, however, this court stated: "We believe the instruction correctly states the manners, or methods, of making a threat under the provisions of SDCL 22–30A–4(1)." *Lee, supra* at 545. Since the instruction on which the petitioner bases his ineffective assistance of counsel claim is clearly a correct statement of the law, the ineffective assistance of counsel claim is without merit. *See State v. Traversie*, 387 N.W.2d 2 (S.D.1986) (failure to object to proper instructions renders ineffective assistance of counsel claim meritless).

Petitioner next argues that during the state's case-in-chief his attorney should have objected to testimony about his drug sales and drug activity on the ground that it was hearsay. Petitioner argues that this evidence was prejudicial.

The trial court found that counsel's trial strategy was to impeach state's witness Chad Lund by establishing that the money was owed for a motorcycle rather than a drug transaction. The trial court further found that trial counsel's only viable option was to allow this line of testimony and later attempt to discredit Chad Lund's testimony by demonstrating that he had lied to his father, Doug Lund. Furthermore, this testimony was necessary for the purpose of showing Chad Lund's personal bias against petitioner.

■ The evidence was clearly relevant to show that the $1,500 was for cocaine and not for the motorcycle. It was further relevant and admissible to show that Chad Lund lied to his father. We find no merit to the ineffective assistance of counsel claim based on the admission of evidence of petitioner's drug activities.

Petitioner's final claim is that had counsel objected to testimony concerning the alleged threat, the evidence would have been insufficient to take the case to the jury. Petitioner's argument appears to be that the only direct evidence of any threat of physical injury, i.e., "bodies floating in the river," came from Chad Lund's testimony of what his father told him about the phone call the night that he received it. There is no allegation as to what rules of evidence might support his contention that the testimony is inadmissible hearsay.

■ The trial court found that Chad Lund's testimony was admitted for the purpose of impeachment. Many of the cases would suggest that the evidence may be admitted as an "excited utterance" exception to the hearsay rule. SDCL 19–16–6. *See State v. Stevens*, 289 N.W.2d 592 (Iowa 1980); *State v. Ogilvie*, 310 N.W.2d 192 (Iowa 1981); *State v. McCafferty*, 356 N.W.2d 159 (S.D.1984); *State v. Clothier*, 381 N.W.2d 253 (S.D.1986). *See also* Federal Rules of Evidence 803(2).

■ Upon review of the trial record in this matter, we find the defense at trial neither so ineffective, nor counsel's representation so casual as to show a manifest usurpation of petitioner's constitutional rights. Failure to make objections or motions are generally trial decisions within the discretion of trial counsel. *State v. Tchida*, 347 N.W.2d 338 (S.D.1984). It is not our function to second-guess the tacti-

cal decisions of counsel, and we will not attempt to substitute our own theoretical judgment for that of petitioner's counsel. *Jones, supra; State v. Anderson*, 387 N.W.2d 544 (S.D.1986).

WUEST, C.J., and MORGAN and HENDERSON, JJ., concur.

SABERS, J., dissents.

MOSES, Circuit Judge, for MILLER, J., disqualified.

SABERS, Justice (dissenting).

I dissent.

I would reverse because trial counsel's conduct (1) constituted ineffective assistance of counsel and (2) prejudiced the defendant. *Jones v. State*, 353 N.W.2d 781 (S.D.1984); *Loop v. Solem*, 398 N.W.2d 140 (S.D.1986).

Trial counsel wholly failed to object to hearsay testimony concerning the alleged threat and erred in respect to jury instructions. Far more important and prejudicial was his inconsistent handling of defendant's involvement with drugs.

First, counsel properly asked the trial court to exclude all such testimony. Although no ruling was made, the court indicated general agreement with that proposition. Despite that, defense counsel either allowed evidence of drug activity into the record without objection or actually elicited it himself. Substantial testimony of defendant's drug involvement, including hearsay, came before the jury without objection. The final act of desperation was to attempt to impeach the State's main witness, Chad Lund, by showing that the debt was owed for a motorcycle not for drugs. I submit this "impeached" the defense, not the State's witness.

The State attempts to condone this deficient performance as "defense strategy." Defense strategy must be reasonably credible. To be reasonably credible, the plan and the execution of the plan must be reasonably consistent. It also helps to avoid undue prejudice. Here, prejudicial activity was invited, welcomed, and even used in an impeachment attempt—despite a pretrial motion to completely prohibit its admission. Finally, counsel's performance was *prejudicially* deficient under all tests, including the majority's. *Jones, supra; Loop, supra; Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).