**STATE of Iowa, Appellee,**

v.

**William Joseph ALVEY, Appellant.**

**No. 88–1704.**

Supreme Court of Iowa.

July 18, 1990.

Raymond E. Rogers, State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., and Mark Schouten, County Atty., for appellee.

HARRIS, Justice.

Defendant was convicted of third-degree sexual abuse and appealed to challenge an evidentiary ruling. The question involves Iowa's rape shield law, Iowa rule of evidence 412. The defendant sought to introduce evidence that the complainant had complained of being raped following a prior unrelated consensual sexual experience. The trial court sustained the State's objections to this evidence, a ruling which is defendant's sole assignment of error on appeal. We find no abuse of discretion in the challenged ruling and, hence, affirm the trial court. So doing we vacate a contrary decision by the court of appeals.

Complainant is twenty-one years old and suffers from cerebral palsy. She is a hearing impaired person, a graduate of Iowa School for the Deaf, and, although she wears a hearing aid, testified through an interpreter for hearing impaired persons. She is proficient in sign language and reads lips.

The offense occurred in March of 1988. The complainant met defendant in a tavern and accepted his invitation to go to his home to meet defendant's daughter. Defendant stated she was also a hearing impaired person. Defendant stopped his car at a secluded spot. Substantial evidence supports the State's claim that defendant pulled the complainant to the ground and perpetrated a sex act by force and against complainant's will.

As a part of its case in chief the State offered evidence to show the complainant excitedly told two witnesses she had been raped. With a proper foundation such testimony can be admitted under the excited utterance exception to the hearsay rule, Iowa rule of evidence 803(2). *State v. Ogilvie*, 310 N.W.2d 192, 196 (Iowa 1981).

There was evidence of two such utterances. After an hour to an hour and a half defendant allowed complainant to go. She then ran and knocked on the doors of three nearby houses, receiving no answer. At the fourth house a woman did answer the door. When asked what was wrong the complainant said "rape." Because the woman answering the door did not under-

stand, she produced some writing paper. On the paper the complainant wrote "rape."

The second utterance occurred after the police were called and the complainant was taken to the hospital. The complainant told a nurse that a man had raped her.

■ Defendant sought to respond to the evidence of these utterances offering evidence that, in 1984, the complainant had stated she had been raped after engaging in consensual sexual intercourse. The question first arose by way of the State's motion in limine to exclude evidence of past sexual conduct under rule of evidence 412.[1] According to defendant's offer of proof the claimed incident occurred in the home of complainant's cousin. According to the proffered testimony a witness would testify

> I was sitting at the kitchen table at [the relative's] house. [J] lived there also. I had been staying there for, oh, a month or so and [the complainant] had gone to bed with [J], late hours, early morning hours, whatever. We were all sitting at the kitchen table still partying and visiting and having our fun. And [the complainant] came running out of the bedroom and she said, "he raped me; he raped me; he raped me." And she was a little bit upset, but all of us there at the table we knew she hadn't been raped. I mean her sisters ... sat right there, you know, and chuckled about it.

Rulings on admissibility of evidence are discretionary. We reverse only when the trial court is shown to have abused its discretion in balancing the probative force of challenged evidence against the danger of undue prejudice. *State v. Beeman*, 315 N.W.2d 770, 774–75 (Iowa 1982).

In *State v. Clarke*, 343 N.W.2d 158 (Iowa 1984), we upheld the constitutionality of the rape shield law against sixth amendment confrontation and fourteenth amendment due process challenges. We pointed out that the constitution ordinarily requires only that the challenged evidence be other-

wise relevant and admissible. *Id.* at 161. The black-letter test of relevancy is "whether the evidence offered would render the desired inference more probable than it would be without such evidence." *State v. Mark*, 286 N.W.2d 396, 410 (Iowa 1979).

■ Alvey contends that the proffered testimony does not fall within the prohibition of the rape shield law, that it has to do, not with the victim's past sexual conduct, but with her past false claims of rape. The State believes the testimony was in substance that of past sexual conduct and hence subject to exclusion under the rape shield law. We need not resolve the question because in either event it was one of relevancy. If the testimony was outside the rape shield law it was admissible or inadmissible under the general considerations which govern admissibility of evidence, that is whether the proffered testimony makes a factual issue more or less believable. If the matter was subject to the rape shield law it is still a question of relevancy: whether it was an abuse of discretion for the trial court to determine that the probabilities presupposed by the rape shield law (*i.e.*, victim's past sexual conduct presumed to cast no light on likelihood of consent to the latter act) were not overborne by prejudice to the defendant under the circumstances of the present case. Under either view the district court's ruling was discretionary.

We cannot say there was an abuse of discretion. For a combination of reasons the trial court could conclude the evidence of this victim's past conduct cast little light on her testimony of the alleged offense. In the first place there was considerable doubt of the truth of the proffered testimony. Both the victim herself and the alleged partner in the past conduct denied the incident. Of course factual disputes are ordinarily to be resolved by the fact finders. But the quality of this evidence is a factor to be weighed in view of the rape shield

---

1. Rule of evidence 412 in general renders inadmissible the past sexual behavior of the victim of alleged sexual abuse.

law's fundamental purpose of keeping the focus in sex abuse trials on proof against the accused and away from past conduct of the victim.

The passage of four years is another factor which also detracts from defendant's challenge. The victim was a teenager when the past conduct was alleged to have occurred. Four formative years had passed. The trial court could conclude that, even assuming the witness could not distinguish between forced and consented sexual intercourse as a teenager in 1984, or might have tended to mislabel consensual activity as rape, it does not follow that the same confusion would persist in 1988.

In her trial testimony the victim related the details of a forcible, certainly nonconsensual, act. This testimony tends to diminish the significance of any earlier confusion over the legal definition of "rape."

The rape shield law calls upon the trial judge to sort through proffered·evidence of a victim's prior sexual activity and, on a case-by-case basis, to weigh whether it would yield more in the truth-finding process than it would cost in devastating the victim's reputation and right to privacy. The rule presupposes that much evidence which the accused wishes to place before a jury will be excluded. This is a cost the legislature has determined must be paid in order to accord evenhanded justice, not only to the accused, but also the accuser. Under the circumstances here we cannot say the trial court abused its discretion in striking the balance.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.

All Justices concur except CARTER, J., who dissents.

CARTER, Justice (dissenting).

I dissent.

This was not an effort by the defendant to use the victim's past sexual history for evidentiary purposes. It was an effort to show a false rape claim previously made by the victim. As such, it relates to words not deeds, is relevant on the issue of witness credibility, and should have been allowed.